# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLANO BATSON, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC. and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No. 12cv0839 BTM(JMA)<br><br>**ORDER REMANDING CASE** |

Plaintiff has filed a motion to remand this action to state court. Defendant has filed a motion to dismiss the First Amended Complaint or, in the alternative, a motion for a more definite statement. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to remand and does not reach Defendant's motion.

## I. PROCEDURAL BACKGROUND

On February 14, 2012, Plaintiff Marlano Batson commenced this action in the Superior Court of California, County of San Diego. Plaintiff served the complaint on Defendant United Parcel Service, Inc. ("Defendant") on February 16, 2012.

In his original complaint, Plaintiff alleged that Defendant had violated California wage and hour laws by failing to pay regular and overtime wages and provide itemized statements

to non-exempt part-time supervisors paid on an hourly basis.  (Compl. ¶¶ 9, 10.)  Plaintiff alleged that he was bringing the action on behalf of himself and a class of persons employed in California by Defendant as part-time supervisors on an hourly basis for the four year period preceding the filing of the Complaint.  (Compl. ¶ 12.)   Plaintiff asserted causes of action for:  (1) failure to pay overtime wages in violation of Cal. Labor Code §§ 510 and 1194; and (2) unfair competition in violation of Cal. Bus. Prof. Code §§ 17200 et seq.  In the Prayer for Relief, Plaintiff stated that he was seeking "recovery of penalties as provided by the Labor Code Private Attorneys General Act of 2004 ["PAGA"]."  (Compl. at 5.)   The body of the Complaint also referred to the PAGA. (Comp. ¶ 14.)  Plaintiff alleged that the amount in controversy did not exceed an aggregate of $4,999,999.99 or $74,999.99 with respect to Plaintiff's individual claims.  (Compl. ¶ 3.)

On March 5, 2012, Plaintiff filed a First Amended Class Action Complaint ("FAC").  In the FAC, Plaintiff added a separate cause of action for the recovery of civil penalties under the PAGA and added allegations regarding exhaustion of remedies.

On April 5, 2012, Defendant removed the action to federal court on the basis of diversity jurisdiction.  In the Notice of Removal, Defendant explained that the amount in controversy exceeded $75,000 because under the PAGA, Plaintiff is suing on behalf of himself and other aggrieved employees, and some courts have held that the civil penalties sought by all of the aggrieved employees may be aggregated for purposes of determining the amount in controversy. (Notice of Removal, ¶ 13.)  Defendant claimed that the removal was timely because it was brought within 30 days after receipt of the amended complaint. (Id. at ¶ 3.)

## II. DISCUSSION

Plaintiff seeks to remand this action on the ground that (1) the removal was untimely; and (2) Defendant has failed to satisfy its burden of establishing to a legal certainty that the amount in controversy exceeds $75,000.00.  The Court finds that the removal was untimely and remands on that basis.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days of receipt by the defendant of a copy of the initial pleading. If the case stated by the initial pleading is not removable, however, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading or other paper from which it may be first ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

Defendant contends that the removal was timely because it was filed within 30 days of Defendant's receipt of the FAC, which included the new cause of action under the PAGA. Defendant's position is that upon filing of the FAC, Defendant first became aware that the amount in controversy exceeds $75,000 based on aggregated civil penalties under the PAGA.

The Court is not convinced by Defendant's argument. As explained by the Ninth Circuit, "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). The original complaint revealed that Plaintiff was seeking civil penalties under the PAGA on behalf of himself and other aggrieved employees. (Compl. ¶¶ 5, 10, 14(e), Prayer for Relief ¶ 3.) Therefore, Defendant should have removed the action within 30 days of being served with the original complaint.

Defendant argues that the original complaint did not give Defendant fair notice of a PAGA claim. The Court disagrees. Although the original complaint did not set forth a separate PAGA claim, it was clear that Plaintiff was seeking civil penalties under the PAGA for the alleged Labor Code violations.

Defendant also argues that Plaintiff had not exhausted administrative remedies under the PAGA at the time of the filing of the original complaint and therefore did not have a viable PAGA claim. Under the PAGA, the aggrieved employee must give written notice of the Labor Code violations to the Labor and Workforce Development Agency ("LWDA") Cal.

1  Labor Code § 2699.3(a)(1).   The agency is required to notify the employer and the
2  aggrieved employee that it does not intend to investigate the alleged violation within 30 days
3  of the postmark date of the notice. Cal. Labor Code § 2699.3(a)(2)(A). Upon receipt of the
4  notice of intent not to investigate or if no notice is provided within 33 days, the aggrieved
5  employee may commence a civil action. Id.

6  In this case, Plaintiff gave written notice to the LWDA of Defendant's alleged Labor
7  Code violations on January 27, 2012.  (FAC ¶ 27.)  Plaintiff filed his original complaint on
8  February 14, 2012, prior to the expiration of the 33 day period. Assuming the LWDA did not
9  send a notice of intent not to investigate, the complaint was filed prematurely.

10  However, any knowledge Defendant had that Plaintiff's filing was premature was
11  derived outside of the pleadings.   As mentioned above, "removability under § 1446(b) is
12  determined through examination of the four corners of the applicable pleadings, not through
13  subjective knowledge . . . ."   Harris, 425 F.3d at 694.  Moreover, failure to exhaust
14  administrative remedies under the PAGA is an affirmative defense subject to waiver.
15  O'Sullivan v. AMN Services, Inc., 2012 WL 2912061, at *3 (N.D. Cal. July 16, 2012).  That
16  Defendant might have been able to raise an affirmative defense to the claim did not mean
17  that there was no basis for removal.  Similarly, Plaintiff's failure to allege exhaustion may
18  have made the PAGA claim vulnerable to dismissal for failure to state a claim, see Caliber
19  Bodyworks, Inc., 134 Cal. App. 4th 365, 385 (2005), but did not prevent Defendant from
20  removing based on Plaintiff's request for civil penalties.

21  The basis for removal asserted by Defendant was revealed in the original complaint.
22  Defendant knew then as it does now that Plaintiff seeks civil penalties under the PAGA.
23  Defendant's inaction is not excused by any pleading defects or failure to exhaust.   The
24  removal was untimely, and Plaintiff's motion to remand is granted.

25
26
27
28

### III.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion to remand. The Court does not reach Defendant's motion to dismiss.  This case is **REMANDED** to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED:  September 27, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court