# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARLANO BATSON, on behalf of
himself and all others similarly situated,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC. and
DOES 1 through 100, inclusive,

Defendants.

Case No. 12cv0839 BTM(JMA)

**ORDER REMANDING CASE**

Plaintiff has filed a motion to remand this action to state court.  Defendant has filed a motion to dismiss the First Amended Complaint or, in the alternative, a motion for a more definite statement.  For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to remand and does not reach Defendant's motion.

## I.  PROCEDURAL BACKGROUND

On February 14, 2012, Plaintiff Marlano Batson commenced this action in the Superior Court of California, County of San Diego.  Plaintiff served the complaint on Defendant United Parcel Service, Inc. ("Defendant") on February 16, 2012.

In his original complaint, Plaintiff alleged that Defendant had violated California wage and hour laws by failing to pay regular and overtime wages and provide itemized statements

to non-exempt part-time supervisors paid on an hourly basis.  (Compl. ¶¶ 9, 10.)  Plaintiff alleged that he was bringing the action on behalf of himself and a class of persons employed in California by Defendant as part-time supervisors on an hourly basis for the four year period preceding the filing of the Complaint.  (Compl. ¶ 12.)   Plaintiff asserted causes of action for:  (1) failure to pay overtime wages in violation of Cal. Labor Code §§ 510 and 1194; and (2) unfair competition in violation of Cal. Bus. Prof. Code §§ 17200 et seq.   In the Prayer for Relief, Plaintiff stated that he was seeking "recovery of penalties as provided by the Labor Code Private Attorneys General Act of 2004 ["PAGA"]." (Compl. at 5.)  The body of the Complaint also referred to the PAGA. (Comp. ¶ 14.)  Plaintiff alleged that the amount in controversy did not exceed an aggregate of $4,999,999.99 or $74,999.99 with respect to Plaintiff's individual claims.  (Compl. ¶ 3.)

On March 5, 2012, Plaintiff filed a First Amended Class Action Complaint ("FAC"). In the FAC, Plaintiff added a separate cause of action for the recovery of civil penalties under the PAGA and added allegations regarding exhaustion of remedies.

On April 5, 2012, Defendant removed the action to federal court on the basis of diversity jurisdiction.  In the Notice of Removal, Defendant explained that the amount in controversy exceeded $75,000 because under the PAGA, Plaintiff is suing on behalf of himself and other aggrieved employees, and some courts have held that the civil penalties sought by all of the aggrieved employees may be aggregated for purposes of determining the amount in controversy. (Notice of Removal, ¶ 13.)  Defendant claimed that the removal was timely because it was brought within 30 days after receipt of the amended complaint. (Id. at ¶ 3.)

## II. DISCUSSION

Plaintiff seeks to remand this action on the ground that (1) the removal was untimely; and (2) Defendant has failed to satisfy its burden of establishing to a legal certainty that the amount in controversy exceeds $75,000.00.  The Court finds that the removal was untimely and remands on that basis.

12cv0839 BTM(JMA)

1      Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days
2 of receipt by the defendant of a copy of the initial pleading.  If the case stated by the initial
3 pleading is not removable, however, a notice of removal may be filed within 30 days after
4 receipt by the defendant of a copy of an amended pleading or other paper from which it may
5 be first ascertained that the case is one which is or has become removable.  28 U.S.C. §
6 1446(b)(3).

7      Defendant contends that the removal was timely because it was filed within 30 days
8 of Defendant's receipt of the FAC, which included the new cause of action under the PAGA.
9 Defendant's position is that upon filing of the FAC, Defendant first became aware that the
10 amount in controversy exceeds $75,000 based on aggregated civil penalties under the
11 PAGA.

12      The Court is not convinced by Defendant's argument.  As explained by the Ninth
13 Circuit, "removability under § 1446(b) is determined through examination of the four corners
14 of the applicable pleadings, not through subjective knowledge or a duty to make further
15 inquiry.  Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial
16 pleading' that reveals a basis for removal."  Harris v. Bankers Life and Cas. Co., 425 F.3d
17 689, 694 (9th Cir. 2005).  The original complaint revealed that Plaintiff was seeking civil
18 penalties under the PAGA on behalf of himself and other aggrieved employees. (Compl. ¶¶
19 5, 10, 14(e), Prayer for Relief ¶ 3.)  Therefore, Defendant should have removed the action
20 within 30 days of being served with the original complaint.

21      Defendant argues that the original complaint did not give Defendant fair notice of a
22 PAGA claim.  The Court disagrees.  Although the original complaint did not set forth a
23 separate PAGA claim, it was clear that Plaintiff was seeking civil penalties under the PAGA
24 for the alleged Labor Code violations.

25      Defendant also argues that Plaintiff had not exhausted administrative remedies under
26 the PAGA at the time of the filing of the original complaint and therefore did not have a viable
27 PAGA claim.  Under the PAGA, the aggrieved employee must give written notice of the
28 Labor Code violations to the Labor and Workforce Development Agency ("LWDA")   Cal.

Labor Code § 2699.3(a)(1).    The agency is required to notify the employer and the aggrieved employee that it does not intend to investigate the alleged violation within 30 days of the postmark date of the notice.  Cal. Labor Code § 2699.3(a)(2)(A).  Upon receipt of the notice of intent not to investigate or if no notice is provided within 33 days, the aggrieved employee may commence a civil action.  Id.

In this case, Plaintiff gave written notice to the LWDA of Defendant's alleged Labor Code violations on January 27, 2012.  (FAC ¶ 27.)  Plaintiff filed his original complaint on February 14, 2012, prior to the expiration of the 33 day period.  Assuming the LWDA did not send a notice of intent not to investigate, the complaint was filed prematurely.

However, any knowledge Defendant had that Plaintiff's filing was premature was derived outside of the pleadings.   As mentioned above, "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge . . . ."  Harris, 425 F.3d at 694.  Moreover, failure to exhaust administrative remedies under the PAGA is an affirmative defense subject to waiver. O'Sullivan v. AMN Services, Inc., 2012 WL 2912061, at *3 (N.D. Cal. July 16, 2012).  That Defendant might have been able to raise an affirmative defense to the claim did not mean that there was no basis for removal.  Similarly, Plaintiff's failure to allege exhaustion may have made the PAGA claim vulnerable to dismissal for failure to state a claim, see Caliber Bodyworks, Inc., 134 Cal. App. 4th 365, 385 (2005), but did not prevent Defendant from removing based on Plaintiff's request for civil penalties.

The basis for removal asserted by Defendant was revealed in the original complaint. Defendant knew then as it does now that Plaintiff seeks civil penalties under the PAGA. Defendant's inaction is not excused by any pleading defects or failure to exhaust.  The removal was untimely, and Plaintiff's motion to remand is granted.

12cv0839 BTM(JMA)

1

### III.  CONCLUSION

2          For the reasons discussed above, the Court **GRANTS** Plaintiff's motion to remand.

3   The Court does not reach Defendant's motion to dismiss.  This case is **REMANDED** to the

4   Superior Court of California, County of San Diego.

5   **IT IS SO ORDERED.**

6   DATED:  September 27, 2012

7                                                            _Barry Ted Moskowitz_
                                                              BARRY TED MOSKOWITZ, Chief Judge
8                                                             United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28